IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES BORDEN, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No.  5:10-cv-2962-RBP-TMP |
| ) | |
| KIM THOMAS,  Commissioner of the ) | |
| Alabama Department of Corrections; and ) | |
| the ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION

The magistrate judge filed his report and recommendation in this *habeas* action pursuant to 28 U.S.C. § 2254 on June 5, 2012, to which the petitioner filed extensive objections on July 5, 2012. Having now reviewed and considered *de novo* the objections and other materials in the court file, the objections are hereby OVERRULED for the reasons expressed below.

I.  Obections to Magistrate Judge's Consideration of the Merits

Petitioner first objects to the report and recommendation on the basis that he was denied the opportunity to brief and argue the merits of his claims as he understood that the magistrate judge was considering only the procedural arguments raised in the respondents' motion to dismiss.  He argues that, "Given that the Magistrate Judge limited briefing to addressing 'why the petition should not be summarily denied or dismissed on the basis of answer and record supplied by the respondents,' any merits briefing at that point was premature and not authorized by the Court."

This plainly misstates the procedural history of the case. In response to the magistrate judge's Order to Show Cause (Doc. 3), the respondents filed an "Answer," not a motion to dismiss. Indeed, in their 36-page Answer, they described their response to petitioner's claims, saying, "The Respondents will address the various individual claims, either pleading procedural default or *addressing the merits*, as is appropriate." (Doc. 6, p. 6)(italics added). Nothing in their Answer limited the argument to mere procedural issues. Furthermore, attached as exhibits to the answer were portions of the state-court record, including opinions of the state appellate courts both in direct and collateral appeal. These opinions themselves addressed the "merits" of several claims asserted by petitioner, thereby implicating the provisions of § 2254(d).

Although it is true that the magistrate judge's "Order Regarding Summary Disposition" explained the right to offer affidavits to rebut certain procedural defenses, the Order in no way limited the basis for summary disposition simply to procedural defenses. The first paragraph plainly invites the petitioner to explain why the petition should not be summarily denied on the basis of the respondents' answer and the state-court record supplied. It states, "The purpose of this Order is to notify the petitioner that the case will be treated by the Court as ripe for summary disposition and to further inform the petitioner of his right to file affidavits or other materials to show why the petition should not be summarily denied or dismissed on the basis of the answer and record supplied by the respondents." (Doc. 7).

Petitioner plainly understood that the "merits" of his claims was also under consideration by the magistrate judge. In response to the Order, petitioner filed a reply brief and an extensive list of evidentiary exhibits. (Doc. 11). His reply brief argued the merits of several claims, and even in the context of disputing the state courts' rejection of other claims as not pleaded with sufficient

specificity, petitioner not only argued that application of Ala. R. Crim. P. 37.2(d) to his claims was erroneous, but that the claims themselves are meritorious. Indeed, petitioner himself contended in the reply brief that the state courts' resolution of his claims of ineffective assistance amounted not to a procedural default, but a rejection on the merits. Petitioner wrote this in his reply brief:

> In determining that Mr. Borden had failed to meet Rule 32.7(d)'s requirements, the court assessed the merits of the allegation and necessarily applied the Strickland standard to the facts asserted by Mr. Borden. Thus, while the court referenced a procedural rule in its discussion, the analysis was actually a decision on the merits.

(Doc. 10, p. 13). It is simply not true, as petitioner now wants to argue, that he believed this reply to the respondents' Answer was limited to addressing procedural defenses. He was well aware that summary disposition of a *habeas* claim can occur not just on the basis of procedural defenses, but also where the claim is refuted on the merits by the record.

But even further, on November 9, 2011, the magistrate judge ordered the respondents to expand the record by filing the state *trial* record, including the record of all trial and *pretrial* proceedings in the case. The respondents did so on November 23, 2011. Even more to the point, on December 14, 2011, the magistrate judge again ordered the respondents to expand the record, explaining:

> The petitioner, James Henry Borden, through counsel, filed his petition for writ of habeas corpus on November 4, 2010. He raises, among other claims, numerous claims of ineffective assistance of counsel. The respondents have asserted that the claims are procedurally barred based upon Harris v. Reed, because the Alabama Court of Criminal Appeals determined that the claims were not pleaded with sufficient particularity to satisfy Alabama Rule of Criminal Procedure 32. Since that answer was filed, the Eleventh Circuit Court of Appeals has determined that such rulings "constitute rulings on the merits," and are not dismissals on procedural grounds. Borden v. Allen, 646 F.3d 785, 812-13 (11th Cir. 2011). Accordingly, the

3

>federal appeals court held, the habeas petitioner's claims are subject to the "deferential standards set forth in AEDPA." 646 F.3d at 816.
>
>Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petitioner can obtain relief on claims adjudicated on the merits in state court only if he shows that the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). See Williams v. Taylor, 529 U.S. 362, 404, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). In th order to evaluate whether the state courts reached an "unreasonable determination of the facts in light of the evidence presented," the court must be able to view the evidence presented to the fact-finding court.

(Doc. 14). If petitioner (or his counsel) was ever confused about the scope of the issues under consideration for summary disposition, he could not have been confused after this order was entered. It unambiguously notified the parties that "the merits" of petitioner's ineffective assistance claims was at issue. After the respondents produced the state-court record on January 2012, neither petitioner nor his counsel ever sought to file additional evidentiary materials (as they had earlier), or to seek clarification from the court regarding the claims and issues under consideration.

Petitioner simply was not under any misapprehension about the scope of the issues under consideration for summary disposition. The objection that it was improper for the magistrate judge to consider the merits of his claims without giving petitioner an opportunity to brief and argue the merits is simply wrong, and is overruled.

II.  Objection that Magistrate Judge Improperly Applied § 2254(d) to Claims

Petitioner objects that the magistrate judge erred in finding that the state-court resolution of his claims of ineffective assistance was not "objectively unreasonable" and, therefor, is entitled to deference under § 2254(d). First, he argues that the magistrate judge erroneously examined each alleged instance of ineffective assistance without examining the cumulative effect of all of them. The court rejects this argument.

It must be remembered that the Antiterrorism and Effective Death Penalty Act of 1996 requires the federal *habeas* court to defer to the state courts' resolution of a claim on the merits, unless that resolution is contrary to or an unreasonable application of clearly established Supreme Court holdings, or the facts found by the state courts underlying the resolution were unreasonable in light of the record evidence.  The federal *habeas* court may not grant relief simply because it believes the state court decided the claim incorrectly; the state-court resolution must either run counter to clearly established Supreme Court law or be an application of it that is "objectively unreasonable." Insofar as petitioner argues here that it was error to examine his claims of ineffective assistance individually and not cumulatively, there is no clearly established Supreme Court law to that effect.  Earlier this year, the Eleventh Circuit implicitly noted that there is no clear Supreme Court holding that attorney errors, not prejudicial in themselves, can cumulatively amount to ineffective assistance. In Hunt v. Commissioner, Alabama Dept. of Corrections, 666 F.3d 708, 731-732 (11th Cir. 2012), the court of appeals wrote:

> Hunt argues that the court of criminal appeals refused to consider whether the cumulative effect of counsel's alleged errors amounted to ineffective assistance and, in doing so, unreasonably applied clearly established federal law. We reject this claim.  Even if we were to determine that clearly established federal law mandates

5

>a cumulative-effect analysis of ineffective-assistance claims, Hunt would not be entitled to relief: he has not shown that in this case the cumulative effect of counsel's alleged errors amounted to ineffective assistance.

Hunt v. Commissioner, Alabama Department of Corrections, 666 F.3d 708, 731-32 (11th Cir. 2012). Clearly implied by this holding is the recognition that it is *not* clearly established that ineffective assistance claims can or must be analyzed cumulatively.  That being so, the magistrate judge did not err by accepting the state courts' allegation-by-allegation analysis of petitioner's claims.  In the absence of clearly established law to the contrary, the magistrate judge was required to defer to the state courts' conclusion.

Next, petitioner objects that the magistrate judge relied upon the affidavits of petitioner's trial counsel, submitted as part of the Rule 32 record from the state courts.  Of course, to the extent the state courts made findings of fact based in part on these affidavits, those findings are entitled to deference and a presumption of correctness unless petitioner rebutted them with clear and convincing evidence.  See 28 U.S.C. § 2254(e).  Petitioner may not complain that the magistrate judge pointed to the evidence used by the state courts to make their findings of fact.  But even if the affidavits were offered as new, original evidence in the instant *habeas* action, Rule 7(b) of the Rules Governing § 2254 Cases expressly authorizes the use of affidavits as evidence.  Petitioner could have done the same.

Petitioner next objects that the magistrate judge made his own determination of the merits of his claims of ineffective assistance without giving him an opportunity to offer evidence on them, or to brief and argue them.  This simply is not true.  Over and over again, the magistrate judge undertook to assess whether the state courts' determinations with respect to each allegation of

6

ineffectiveness was "objectively unreasonable," consistent with the deference required by AEDPA. In doing so, the magistrate judge reviewed the same evidence used by the state courts to measure whether the conclusion reached by the state courts was "contrary to" or "an unreasonable application" of controlling Supreme Court law. The magistrate judge was required to defer to the state court findings of fast and legal conclusions unless no fairminded jurist could have come to the same determinations. Stated another way, if the conclusion reached by the state courts on these ineffective assistance claims is debatable among reasonable jurists, it cannot be "objectively unreasonable," and must be deferred to.

      Having carefully reviewed each of petitioner's allegations of ineffective assistance, the court agrees with the magistrate judge's assessment that the conclusions reached by the state courts are not contrary to or an unreasonable application of Supreme Court law. The state courts properly used Strickland v. Washington as the legal basis for their analysis, and their application of Strickland was not objectively unreasonable. The petitioner's objections to the magistrate judge's recommendation as to his claims of ineffective assistance are overruled.

      Petitioner also objects to the magistrate judge's determination that the state courts' conclusion that there was no Pate error was not objectively unreasonable and is entitled to deference under § 2254(d). He contends that his procedural due process rights were violated when the trail court failed to hold a pretrial hearing on whether the defendant was competent to stand trial. The petitioner does not argue that he was, in fact, incompetent to stand trial (as two psychologists testified during his trial that, in their opinion, he was competent); rather, he argues that the trial court had reasonable grounds to question his competency to stand trial and, hence, was required by Pate v. Robinson, 383 U.S. 375 (1966), to hold a *pretrial* competency hearing. The state courts found

that there were not reasonable grounds to question his competency, and the magistrate judge concluded this was not "objectively unreasonable."

The court agrees that the resolution of petitioner's Pate claim by the state courts is entitled to deference.  The magistrate judge carefully reviewed the information available to the trial judge before trial, and concluded that a reasonable judge could find that such information did not create a reasonable doubt about petitioner's competency to stand trial.  The resolution reached by the state courts is entitled to deference, unless it is "objectively unreasonable," that is, unless the finding of no Pate error was so incorrect that it is not debatable among reasonable jurists.  That simply is not the case.  Thus, because the state-court determination of this issue was not objectively unreasonable, the magistrate judge correctly found that this court must defer to it.  The objection is overruled.

      III.   Objection to Magistrate Judge Finding Trial Judge-Recusal Claim Procedurally Defaulted

Petitioner objects to the magistrate judge's finding that he procedurally defaulted the claim that his right to due process was violated when the trial judge failed to recuse himself from petitioner's trial.  The magistrate judge noted that petitioner did not move for recusal of the trial judge, nor did he raise the failure of the trial judge to recuse *sua sponte* as an issue on direct appeal.  The claim appeared for the first time in petitioner's post-conviction Rule 32 petition.

Petitioner's present assertion that he was unaware of the claim during trial and on direct appeal, and, hence, there is cause excusing the default, is unpersuasive.  Petitioner was prosecuted for second-degree murder in 1975 by special prosecutors hired by the family of petitioner's victim.  Those special prosecutors were lawyers from the Moulton, Alabama, firm of Speake & Speake, of

which the trial judge was a member at that time of the 1975 prosecution. That Judge Reich was a member of the firm that previously prosecuted petitioner was not difficult to ascertain in a small county like Lawrence County, Alabama,[1] in 1994. Petitioner has offered no explanation for why he failed to inquire into the trial judge's status at the time of trial.

Moreover, the mere fact that Judge Reich previously was a member of a firm that had been adverse to petitioner 20 years earlier did not necessarily require his recusal. As the magistrate judge noted, many former prosecutors go on to become judges in the circuits in which they prosecuted cases, and their prior prosecutorial experiences do not require these judges to recuse themselves from cases in which a former defendant prosecuted by the judge appears before them. A defendant's rights are violated only where it can be shown that the trial judge has an actual personal bias against the defendant or a pecuniary interest in the case. See Davis v. Jones, 506 F.3d 1325 (11th Cir. 2007). Absent some evidence that Judge Reich was actually biased against petitioner due to his firm's involvement in the prosecution of the petitioner nearly twenty years earlier, due process did not require his recusal. The objection is overruled.

IV. Objection to Finding Prosecutorial-Misconduct Claim Meritless

Petitioner objects to the magistrate judge's determination that his claim of prosecutorial misconduct was meritless and that the state courts' rejection of the claim is entitled to deference. Petitioner contends that the prosecutors final argument deprived him of due process of law because, during the argument, the prosecutor said, "This defendant stabbed Nellie Ledbetter to death on her

---

1 The court notes that even today there are only about 30 lawyers in all of Lawrence County. See The Alabama Legal Directory: Official Directory of the Alabama State Bar, 2012 ed., p. 282.

9

front porch on September 5, 1993.  He is guilty of the charge of capital murder.  That is the law!" The state courts rejected the claim on direct appeal, which determination, the magistrate judge found is entitled to deference under § 2254(d).  The court agrees with the magistrate judge that, in the context of the entire final argument, this statement did not render petitioner's trial so defective as to deprive him of fundamentally fair trial.  The statement argued the evidence before the jury and suggested the conclusion they should reach from the evidence.  The magistrate judge correctly found that "relief is available only where the prosecutor's conduct has 'so infected the trial with unfairness as to the make the resulting conviction a denial of due process.'"  That did not happen here, and the objection to the magistrate judge's conclusion is overruled.

## Conclusion

Having carefully reviewed *de novo* all the materials in the court file relevant to these objections, they court finds that the objections are due to be overruled.  By separate order, the court will adopt the report and recommendation of the magistrate judge and deny and dismiss the instant *habeas* petition.

DONE this 23rd day of July, 2012.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

11